UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20479-CR-MOORE

18 U.S.C. § 241
18 U.S.C. § 242

MAGISTRATE JUDGE
SIMONTON



UNITED STATES OF AMERICA

v.

RAIMUNDO ATESIANO,
a/k/a "Ray",
CHARLIE DAYOUB, and
RAUL FERNANDEZ,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Village of Biscayne Park Police Department (BPPD) was a law enforcement agency within the State of Florida responsible for enforcing state statutes and municipal ordinances within municipal boundaries in the Southern District of Florida. The BPPD was staffed by a force of approximately 11 full-time sworn police officers and approximately ten reserve sworn police officers.

2. Defendant **RAIMUNDO ATESIANO** was the Chief of Police for the BPPD.

3. Defendant **CHARLIE DAYOUB** was a full-time police officer for the BPPD.

4.  Defendant **RAUL FERNANDEZ** was a reserve police officer for the BPPD.

5.  T.D. was a sixteen-year-old male juvenile who was arrested on June 13, 2013, on felony charges including four separate burglaries to unoccupied dwellings that occurred in April and May 2013 within the municipality of The Village of Biscayne Park.

## COUNT ONE
## CONSPIRACY AGAINST RIGHTS
## 18 U.S.C. § 241

1.  Paragraphs 1 through 5 of the General Allegations section are re-alleged and incorporated fully herein by reference.

2.  From on or about June 13, 2013, to on or about July 9, 2013, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAIMUNDO ATESIANO,**
a/k/a "Ray",
**CHARLIE DAYOUB,**
and
**RAUL FERNANDEZ,**

acting under color of law, and with other persons known and unknown to the Grand Jury, willfully combined, conspired, and agreed to injure, oppress, threaten, and intimidate any person in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizures by persons acting under color of law.

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants and their co-conspirators to injure, oppress, threaten and intimidate persons in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizures by people acting under color of law.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy, included, among other things, the following:

3. As Chief of Police for the Village of Biscayne Park, **RAIMUNDO ATESIANO** caused and encouraged officers to arrest persons without a legal basis in order to have arrests effectuated for all reported burglaries. The existence of this fictitious 100% clearance rate of reported burglaries was used by **ATESIANO** to gain favor with elected officials and concerned citizens.

4. **RAIMUNDO ATESIANO** instructed **CHARLIE DAYOUB** and **RAUL FERNANDEZ** to falsely arrest and charge T.D. with four unsolved residential burglary cases.

5. **RAUL FERNANDEZ** agreed to write and notarize four arrest affidavits with false narratives to unlawfully charge T.D. with four unsolved residential burglary cases.

6. **CHARLIE DAYOUB** agreed to sign four arrest affidavits with false narratives to unlawfully charge T.D. with four unsolved residential burglary cases.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objectives, the following overt acts, among others, were committed, and caused to be committed, in the Southern District of Florida:

1. On or about June 13, 2013, **RAIMUNDO ATESIANO** told **CHARLIE DAYOUB** and **RAUL FERNANDEZ** that he wanted them to unlawfully arrest T.D. for unsolved burglaries despite knowing that there was no evidence that T.D. had committed the burglaries.

2. **CHARLIE DAYOUB** and **RAUL FERNANDEZ** in compliance with **RAIMUNDO ATESIANO**'s order, gathered the information for the unsolved burglary cases that would be the basis of the arrest knowing there was no evidence and no lawful basis to arrest and charge T.D. with the four unsolved burglaries.

3. The four burglaries that **CHARLIE DAYOUB** and **RAUL FERNANDEZ** completed arrest affidavits for were as follows: 1) an April 2, 2013 burglary at 1222 N.E. 121st Street; 2) an April 2, 2013 burglary at 11408 N.E. 7 Avenue; 3) an April 3, 2013 burglary at 12022 N.E. 10 Avenue; and 4) a May 22, 2013 burglary at 11790 N.E. 12 Court.

4. On or about June 13, 2013, for each of the four burglaries, in compliance with **RAIMUNDO ATESIANO**'s order, **RAUL FERNANDEZ** falsely claimed in an arrest affidavit that an investigation revealed that T.D. had committed the respective burglary.

5. On or about June 13, 2013, for each of the four burglaries, in compliance with **RAIMUNDO ATESIANO's** order, **RAUL FERNANDEZ** notarized an arrest affidavit before an arresting officer had signed the affidavit.

6. On or about June 13, 2013, for each of the four burglaries, in compliance with **RAIMUNDO ATESIANO's** order, **CHARLIE DAYOUB**, as the arresting officer, signed an arrest affidavit attesting that the contents were true and correct knowing the affidavit contained the false statement that an investigation revealed that T.D. committed the respective burglary.

7. On or about July 9, 2013, at a meeting of the City Council for The Village of Biscayne Park, **RAIMUNDO ATESIANO** stated that the BPPD had a 100% clearance rate for burglaries.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO
## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
## 18 U.S.C. § 242

1. Paragraphs 1 through 5 of the General Allegations section are re-alleged and incorporated fully herein by reference.

2. On or about June 13, 2013, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAIMUNDO ATESIANO,**
a/k/a "Ray",
**CHARLIE DAYOUB,**
and
**RAUL FERNANDEZ,**

while acting under color of law, and aiding and abetting one another, willfully deprived T.D. of a right, secured and protected by the Constitution and laws of the United States, namely, the right

to be free from unreasonable seizure by persons acting under color of law. Specifically, the defendants caused T.D. to be arrested for the four residential burglaries within the municipality of the Village of Biscayne Park that occurred in April and May of 2013, knowing that there was no evidence that T.D. had committed the burglaries and no lawful basis to arrest T.D.

All in violation of Title 18, United States Code, Sections 242 and 2.

A TRUE BILL

FC

_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

JOHN M. GORE
ACTING ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

By: _____
HARRY C. WALLACE, JR.
ASSISTANT U.S. ATTORNEY

By: _____
DONALD TUNNAGE
TRIAL ATTORNEY

By: _____
TRENT REICHLING
SPECIAL ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

RAIMUNDO ATESIANO, et al.
                    **Defendant.**                /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

[✓] Miami   [ ] Key West
[ ] FTL     [ ] WPB    [ ] FTP

New Defendant(s)          Yes [ ]    No [ ]
Number of New Defendants  ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   NO
   List language and/or dialect   _____

4. This case will take   5   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I    0 to 5 days    [✓]
   II   6 to 10 days   [ ]
   III  11 to 20 days  [ ]
   IV   21 to 60 days  [ ]
   V    61 days and over

   (Check only one)

   Petty    [ ]
   Minor    [ ]
   Misdem.  [ ]
   Felony   [✓]

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   Yes [ ]   No [✓]

                                             _____
                                             Harry C. Wallace, Jr.
                                             ASSISTANT UNITED STATES ATTORNEY
                                             Court I.D. No. A5501182

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **RAIMUNDO ATESIANO**

**Case No:** _____

Count #: 1

Conspiracy Against Rights

Title 18, United States Code, Section 241

**\*Max. Penalty:** 10 Years' Imprisonment

**Case No:** _____

Count #: 2

Deprivation of Rights Under Color of Law

Title 18, United States Code, Section 242

**\*Max. Penalty:** 10 Years' Imprisonment

\* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name: <u>CHARLIE DAYOUB</u>**

**Case No**:_____

Count #: 1

<u>Conspiracy Against Rights</u>

<u>Title 18, United States Code, Section 241</u>

**\*Max. Penalty:** 10 Years' Imprisonment

**Case No**:_____

Count #: 2

<u>Deprivation of Rights Under Color of Law</u>

<u>Title 18, United States Code, Section 242</u>

**\*Max. Penalty:** 10 Years' Imprisonment

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

**Defendant's Name:** <u>**RAUL FERNANDEZ**</u>

**Case No:**_____

Count #: 1

<u>Conspiracy Against Rights</u>

<u>Title 18, United States Code, Section 241</u>

**\*Max. Penalty:** 10 Years' Imprisonment

**Case No:**_____

Count #: 2

<u>Deprivation of Rights Under Color of Law</u>

<u>Title 18, United States Code, Section 242</u>

**\*Max. Penalty:** 10 Years' Imprisonment

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.