UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20479-CR-KMM(s)
18 U.S.C. § 241
18 U.S.C. § 242

UNITED STATES OF AMERICA

v.

RAIMUNDO ATESIANO,
a/k/a "Ray",
CHARLIE DAYOUB, and
RAUL FERNANDEZ,

        Defendants.
_____/



## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

1. The Village of Biscayne Park Police Department (BPPD) was a law enforcement agency within the State of Florida responsible for enforcing state statutes and municipal ordinances within municipal boundaries in the Southern District of Florida. The BPPD was staffed by a force of approximately eleven full-time sworn police officers and approximately ten reserve sworn police officers.

2. Defendant **RAIMUNDO ATESIANO** was the Chief of Police for the BPPD.

3. Defendant **CHARLIE DAYOUB** was a full-time police officer for the BPPD.

4. Defendant **RAUL FERNANDEZ** was a reserve police officer for the BPPD.

5. Guillermo Ravelo was a full-time police officer for the BPPD.

6. C.D. was arrested on or about January 23, 2013, on felony charges including residential burglaries that occurred on or about January 12, 2013 within the municipality of the Village of Biscayne Park.

7. T.D. was a sixteen-year-old male juvenile who was arrested on June 13, 2013, on felony charges including four separate burglaries to unoccupied dwellings that occurred in April and May 2013 within the municipality of The Village of Biscayne Park.

8. E.B. was arrested on February 26, 2014, on felony charges including five separate burglaries to unoccupied conveyances that occurred on or about February 7, 2014 and February 8, 2014 within the municipality of The Village of Biscayne Park.

**COUNT ONE**
**Conspiracy Against Rights**
**18 U.S.C. § 241**

1. Paragraphs 1 through 8 of the General Allegations section are re-alleged and incorporated fully herein by reference.

2. From on or about January 23, 2013, to on or about February 26, 2014, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAIMUNDO ATESIANO,**
a/k/a "Ray",
**CHARLIE DAYOUB,**
and
**RAUL FERNANDEZ,**

acting under color of law, and with Guillermo Ravelo and other persons known and unknown to the Grand Jury, willfully combined, conspired, and agreed to injure, oppress, threaten, and intimidate any person in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizures by persons acting under color of law.

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants and their co-conspirators to injure, oppress, threaten and intimidate persons in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizures by people acting under color of law.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy, included, among other things, the following:

3. As Chief of Police for the Village of Biscayne Park, **RAIMUNDO ATESIANO** caused and encouraged officers to arrest persons without a legal basis in order to have arrests effectuated for all reported burglaries. The existence of this fictitious 100% clearance rate of reported burglaries was used by **ATESIANO** to gain favor with elected officials and concerned citizens.

4. **RAIMUNDO ATESIANO** instructed Guillermo Ravelo to falsely charge C.D. with unsolved residential burglary cases.

5. **RAIMUNDO ATESIANO** instructed **CHARLIE DAYOUB** and **RAUL FERNANDEZ** to falsely arrest and charge T.D. with four unsolved residential burglary cases.

6. **RAUL FERNANDEZ** agreed to write and notarize four arrest affidavits with false narratives to unlawfully charge T.D. with four unsolved residential burglary cases.

7. **CHARLIE DAYOUB** agreed to sign four arrest affidavits with false narratives to unlawfully charge T.D. with four unsolved residential burglary cases.

8. **RAIMUNDO ATESIANO** instructed Guillermo Ravelo to falsely arrest and charge E.B. with five unsolved vehicle burglary cases.

9. Guillermo Ravelo agreed to write and sign five arrest affidavits with false narratives to unlawfully charge E.B. with five unsolved vehicle burglary cases.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objectives, the following overt acts, among others, were committed, and caused to be committed, in the Southern District of Florida:

1. On or about January 23, 2013, **RAIMUNDO ATESIANO** instructed Guillermo Ravelo to falsely arrest and charge C.D. with unsolved residential burglaries.

2. On or about January 23, 2013, Guillermo Ravelo, in compliance with **RAIMUNDO ATESIANO's** order, signed two arrest affidavits with false narratives to unlawfully charge C.D. with two unsolved residential burglaries.

3. On or about June 13, 2013, **RAIMUNDO ATESIANO** told **CHARLIE DAYOUB** and **RAUL FERNANDEZ** that he wanted them to unlawfully arrest T.D. for unsolved residential burglaries despite knowing that there was no evidence that T.D. had committed the burglaries.

4. On or about June 13, 2013, **CHARLIE DAYOUB** and **RAUL FERNANDEZ** in compliance with **RAIMUNDO ATESIANO's** order, gathered the information for the unsolved residential burglaries that would be the basis of the arrest knowing there was no evidence and no lawful basis to arrest and charge T.D. with the four unsolved burglaries.

5. On or about June 13, 2013, **CHARLIE DAYOUB** and **RAUL FERNANDEZ** completed arrest affidavits for residential burglaries that were committed at the following locations in Miami-Dade County: A) an April 2, 2013 burglary at 1222 N.E. 121st Street; B) an April 2, 2013 burglary at 11408 N.E. 7 Avenue; C) an April 3, 2013 burglary at 12022 N.E. 10 Avenue; and D) a May 22, 2013 burglary at 11790 N.E. 12 Court.

6. On or about June 13, 2013, for each of the four residential burglaries, in compliance with **RAIMUNDO ATESIANO**'s order, **RAUL FERNANDEZ** falsely claimed in an arrest affidavit that an investigation revealed that T.D. had committed the respective burglary.

7. On or about June 13, 2013, for each of the four residential burglaries, in compliance with **RAIMUNDO ATESIANO**'s order, **RAUL FERNANDEZ** notarized an arrest affidavit before an arresting officer had signed the affidavit.

8. On or about June 13, 2013, for each of the four residential burglaries, in compliance with **RAIMUNDO ATESIANO**'s order, **CHARLIE DAYOUB**, as the arresting officer, signed an arrest affidavit attesting that the contents were true and correct knowing the affidavit contained the false statement that an investigation revealed that T.D. committed the respective burglary.

9. On or about July 9, 2013, at a meeting of the City Council for The Village of Biscayne Park, **RAIMUNDO ATESIANO** stated that the BPPD had a 100% clearance rate for burglaries.

10. On or about February 26, 2014, **RAIMUNDO ATESIANO** told Guillermo Ravelo that he wanted him to arrest E.B. for unsolved vehicle burglaries despite knowing that there was no evidence that E.B. had committed the vehicle burglaries.

11. On or about February 26, 2014, **RAIMUNDO ATESIANO** provided the information for the unsolved vehicle burglaries that would be the basis of the arrest to Guillermo Ravelo knowing there was no evidence and no lawful basis to arrest and charge E.B. with the five unsolved vehicle burglaries.

12. On or about February 26, 2014, Guillermo Ravelo and **CHARLIE DAYOUB** completed arrest affidavits for vehicle burglaries that were committed at the following locations in Miami-Dade County: A) February 7-8, 2014 burglary at 12040 N.E. 8 Avenue; B) February 7-8, 2014 burglary at 12035 N.E. 5 Avenue; C) February 7-8, 2014 burglary at 1130 N.E. 5 Avenue; D) February 7-8, 2014 burglary at 11930 N.E. 5 Avenue; and E) February 7-8, 2014 burglary at 511 N.E. 119 Street.

13. On or about February 26, 2014, for each of the five vehicle burglaries, in compliance with **RAIMUNDO ATESIANO's** order, Guillermo Ravelo falsely claimed in an arrest affidavit that E.B. had taken him to the site of the respective burglary and confessed to the items that E.B. had stolen.

14. On or about February 26, 2014, for each of the five vehicle burglaries, in compliance with **RAIMUNDO ATESIANO's** order, Guillermo Ravelo, as the arresting officer, signed an arrest affidavit attesting that the contents were true and correct knowing the affidavit contained the false statement that E.B. had taken him to the site of the respective burglary and confessed to the items that E.B. had stolen.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO
### Deprivation of Rights Under Color of Law
### 18 U.S.C. § 242

1.  Paragraphs 1 through 4 and 7 of the General Allegations section are re-alleged and incorporated fully herein by reference.

2.  On or about June 13, 2013, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAIMUNDO ATESIANO,**
a/k/a "Ray",
**CHARLIE DAYOUB,**
and
**RAUL FERNANDEZ,**

while acting under color of law, and aiding and abetting one another, willfully deprived T.D. of a right, secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizure by persons acting under color of law. Specifically, the defendants caused T.D. to be arrested for the four residential burglaries within the municipality of the Village of Biscayne Park that occurred in April and May of 2013, knowing that there was no evidence that T.D. had committed the burglaries and no lawful basis to arrest T.D.

All in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

1.  Paragraphs 1 through 8 of the General Allegations section are re-alleged and incorporated fully herein by reference.

2.  On or about February 26, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**RAIMUNDO ATESIANO,**
a/k/a "Ray",

while acting under color of law, and aiding and abetting another, willfully deprived E.B. of a right, secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizure by persons acting under color of law. Specifically, the defendant caused E.B. to be arrested for the five vehicle burglaries within the municipality of the Village of Biscayne Park that occurred from on or about February 7, 2014 until on or about February 8, 2014, knowing that there was no evidence that E.B. had committed the burglaries and no lawful basis to arrest E.B.

All in violation of Title 18, United States Code, Sections 242 and 2.

A TRUE BILL

_____
FOREPERSON

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

JOHN M. GORE
ACTING ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

By: _____
HARRY C. WALLACE, JR.
ASSISTANT U.S. ATTORNEY

By: _____
DONALD TUNNAGE
TRIAL ATTORNEY

By: _____
TRENT REICHLING
SPECIAL ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. 18-CR-20479-MOORE |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| RAIMUNDO ATESIANO, et al.  Defendant. / | Superseding Case Information: |

**Court Division:** (Select One)

- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New Defendant(s)    Yes [ ]    No [✓]
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    NO
   List language and/or dialect    ___

4. This case will take   5   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   [✓]
   - II  6 to 10 days  [ ]
   - III 11 to 20 days [ ]
   - IV  21 to 60 days [ ]
   - V   61 days and over [ ]

   (Check only one)
   - Petty   [ ]
   - Minor   [ ]
   - Misdem. [ ]
   - Felony  [✓]

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: ___    Case No. ___
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   No
   If yes:
   Magistrate Case No. ___
   Related Miscellaneous numbers: ___
   Defendant(s) in federal custody as of ___
   Defendant(s) in state custody as of ___
   Rule 20 from the District of ___
   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes [ ]    No [✓]

_____
Harry C. Wallace, Jr.
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. A5501182

\*Penalty Sheet(s) attached

REV 4/8/08