UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
18-20479-CR-MOORE(s)

UNITED STATES OF AMERICA,

vs.

RAIMUNDO ATESIANO, a/k/a "Ray"

Defendant.
_____/

## FACTUAL PROFFER IN SUPPORT OF PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Civil Rights Division of the United States Department of Justice (hereinafter "the Government) and Defendant Raimundo Atesiano agree that if this case had proceeded to trial, the Government would have proven beyond a reasonable doubt that the following facts occurred during the performance of law enforcement duties in the Village of Biscayne Park, within the Southern District of Florida, and Defendant admits that the following facts are true, correct, and in violation of Title 18, United States Code, Section 241:

Between January 23, 2013 and February 26, 2014, Defendant Atesiano was the Chief of the Village of Biscayne Park Police Department, and Charlie Dayoub, Raul Fernandez and Guillermo Ravelo were subordinate officers on the Village of Biscayne Park Police Department.

On January 23, 2013, Biscayne Park police officers took CD, an adult male, into lawful custody as there was reliable information that CD had forged and cashed a check stolen during the course of a recent burglary which took place at 11021 N.E. 9th Court, Biscayne Park, Florida. Thereafter, defendant Atesiano instructed officers Dayoub and Ravelo to unlawfully arrest CD for 2 additional burglaries which had recently taken place at the respective addresses of 1102 N.E.

Defendant's Initials *RA*

116th Street and 11002 NE 4th Avenue (both addresses in Biscayne Park, Florida). Defendant Atesiano told Officers Dayoub and Ravelo to make the arrests for the two additional burglaries despite knowing that there was no evidence that CD committed the burglaries at 1102 NE 116th street and 11002 NE 4th Avenue.

On June 13, 2013, Defendant Atesiano instructed Officers Dayoub and Fernandez to unlawfully arrest and falsely charge TD, a juvenile known to Defendant Atesiano and Officer Dayoub, for unsolved residential burglaries although all three of them knew that there was no evidence that TD had committed those residential burglaries. Officers Dayoub and Fernandez executed four separate arrest affidavits that falsely reported in each affidavit that an investigation revealed that TD had committed the respective burglary. The four burglaries that Officers Dayoub and Fernandez completed arrest affidavits for were as follows: (1) an April 2, 2013 burglary at 1222 N.E. 121st Street; (2) an April 2, 2013 burglary at 11408 N.E. 7th Avenue; (3) an April 3, 2013 burglary at 12022 N.E. 10th Avenue; and (4) a May 22, 2013 burglary at 11790 N.E. 12th Court.

Finally, on February 26, 2014, in reliance upon information reportedly provided by a confidential informant regarding vehicle burglaries, Biscayne Park police officers took EB, an adult male, into custody and conducted a custodial interrogation about five unsolved vehicle-burglaries. After questioning EB, Defendant Atesiano told Officer Ravelo to falsely arrest and charge EB with the five vehicle burglaries. Defendant Atesiano and Officer Ravelo knew that EB had not confessed to committing the vehicle burglaries and that there was no lawful basis to arrest and charge EB with the vehicle burglaries. The vehicle burglaries that Officer Ravelo completed arrest affidavits for were at the following addresses: (1) 12040 N.E. 8 Avenue; (2) 12035 N.E. 5 Avenue; (3) 11930 N.E. 5 Avenue; (4) 11930 N.E. 5 Avenue; and (5) 511 N.E. 119 Street.

Defendant's Initials _RA_

Thus, the government would have proven that while acting under color of law, Defendant Atesiano willfully combined, conspired, and agreed with Officers Dayoub, Fernandez and Ravelo to injure, oppress, threaten, and intimidate CD, TD and EB in the free exercise and enjoyment of their federally-protected rights to be free from unreasonable seizures by persons acting under color of law. .

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 9/13/18          By: _____
                           HARRY C. WALLACE, JR.
                           ASSISTANT U.S. ATTORNEY

Date: 9/13/2018            _____
                           TRENT REICHLING
                           SPECIAL ASSISTANT U.S. ATTORNEY

JOHN M. GORE
ACTING ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

Date: 13 Sept. 2018    By: _____
                           DW TUNNAGE
                           TRIAL ATTORNEY

Date: 9-13-2018        By: _____
                           RAIMUNDO ATESIANO
                           DEFENDANT

Date: 9-13-2018        By: _____
                           RICHARD DOCOBO, ESQ.
                           DEFENSE COUNSEL

Defendant's Initials RG