UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18 -CR-20479 MOORE

UNITED STATES,

vs.

CHIEF RAIMUNDO ATESIANI,
OFFICER CHARLIE DAYOUB,
OFFICER RAUL FERNANDEZ,

Defendants.
_____/

## MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

COMES NOW TIMOTHE DOLCINE by and though the undersigned counsel and files this motion to intervene to modify a protective order for good cause shown, and would state as follows:

1. The Defendants have plead guilty to indictments filed by the United States and are set for sentencing this year.

2. During the prosecution the government provided discovery to the Defendants as part of its responsibility pursuant to the Federal Rules of Procedure.

3. The discovery was conditioned upon a protective order sought by the government to protect confidentialities in the records, and this court entered a protective order. ECF No. [35].

4. The movant for this motion is one of the victims of the conspiracy to commit civil rights violations, and is referred to as T.D. in the indictments, and plea agreement since he was a minor when the crimes against him occurred.

5. The movant, Timothe Dolcine has filed a claim against the Defendants for the actual injuries he suffered as a result of the illegal actions of the Defendants. His claim is based

1

upon 42 U.S.C. 1983, and this case is pending before the Honorable Darrin Gayles, U.S. District Judge, in case number 18-CV-23190.

6. There are common questions of fact and law between the prosecution against the Defendants, and the litigation of the civil rights claims of Mr. Dolcine as he was the victim of their conspiracy.

7. It is well established that a district judge retains the power to modify a protective order it has entered. SRS Techs Inc. v. Physitron Inc. 215 F.R.D. 525 (N. D. Ala. 2003), Pansy v. Borough of Strassborg, 23 F. 3d 772 (3rd Cir. 1994).

8. A non-party may file a motion to intervene if he has standing. See Grove Fresh v. Everfresh Juice, 24 F. 3d 893, 896 (7th Cir. 1994). The public's right to access to court proceedings and documents is well established.

9. A party seeking confidentiality bears the burden of showing good cause for protection. See McCarthy v. Bankers Insurance, 195 F.R.D. 39, 42 (N. D. Fla. 1998).

10. In this case the sharing of discovery will promote efficiency in the judicial process, and save Mr. Dolcine costs. Since the Defendants have received protected discovery in the criminal prosecution, this court has the discretion to allow this information to be shared with their victim Dolcine, as this modification would make discovery in his case more efficient. Foltz v. State Farm, 331 F.3d 1122 (9th Cir. 2003). Courts strongly favor access to discovery materials when they meet the needs of collateral litigants.

11. The United States has been consulted on this motion and objects to the modification.

WHEREFORE TIMOTHE DOLCINE moves this court to modify the protective order and grant him access to the material at least on the same basis as it was granted to the defendants.

CERTIFICATE OF SERVICE

I hereby certify that on this September 24, 2018 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record for service via transmission of Notices of Electronic filing generated by CM/ECF.

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
Attorney for Movant/Dolcine
P. O. Box 61075
North Miami, FL 33261
Tel: 305-454-9632
Fax: 786-520-3972
E-mail: wcrpleadings@gmail.com