UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20479-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

 Plaintiff,

v.

RAIMUNDO ATESIANO, CHARLIE
DAYOUB, and RAUL FERNANDEZ,

 Defendants.
_____/

## ORDER DENYING MOTION TO INTERVENE
## AND MODIFY PROTECTIVE ORDER

  This matter came before the Court upon Timothe Dolcine's Motion to Intervene and Modify Protective Order, ECF No. [92]. Both the Government and Defendant Charlie Dayoub have filed oppositions to the Motion, ECF Nos. [103] [107]. Defendant Raimundo Atesiano has filed a response to the Motion indicating that he does not object to sharing discovery with Timothe Dolcine, ECF No. [104]. Timothe Dolcine has not filed a reply and the time for doing so has elapsed. The Motion has been referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to take all necessary and proper action as required by law, ECF No. [114]. For the following reasons, the Motion is denied.

  I.  **BACKGROUND**

  Defendants Raimundo Atesiano, Charlie Dayoub and Raul Fernandez were charged as co-defendants in a superseding indictment alleging conspiracy to violate the civil rights of persons to be free from unreasonable seizures by persons acting under color of law, in violation of 18 U.S.C. § 241 (Count 1); and willfully depriving T.D. of his civil right to be free from unreasonable seizures, by causing T.D. to be arrested for four

residential burglaries, knowing that there was no evidence that he had committed the burglaries, in violation of 18 U.S.C. § 242 (Count 2), ECF No. [45].[1] Defendant Raimundo Atesiano was also charged with willfully depriving E.B. of his civil right to be free from unreasonable seizures, by causing him to be arrested for five vehicle burglaries, knowing that there was no evidence that he had committed the burglaries, in violation of 18 U.S.C. § 242 (Count 3).

During the course of the prosecution, the Government provided discovery to the Defendants and sought the entry of a protective order related to sensitive information contained in that discovery, ECF No. [34]. On July 10, 2018, the undersigned Magistrate Judge granted the United States' unopposed Motion for Entry of a Protective Order Regulating Disclosure of Discovery and Sensitive Information Contained Therein, ECF Nos. [34] [35]. That Order provided, among other things, that the Defendants and their counsel would hold the discovery in strict confidence and restrict access to that discovery, ECF No. [35] at 1, 2. The Order also required defense counsel to destroy the discovery materials at the conclusion of the case, or return them to the United States, ECF No. [35] at 2.

All three Defendants have now pleaded guilty in this action, ECF Nos. [59] [60] [95].

## II.     MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

In the Motion at bar, movant Timothe Dolcine, who is one of the victims of the Defendants' conspiracy to commit civil rights violations, seeks to intervene in this action, and to have the protective order that was previously entered by the Court modified to grant Dolcine access to the materials that were produced by the Government to the Defendants during the prosecution of this matter, ECF No. [92]. Dolcine explains

---

[1] The initials "T.D." and "E.B." were used to identify the victims in the Indictment, two of whom were minors at the time of the criminal prosecution. "T.D.", aka, Timothe Dolcine, has since reached the age of majority, and is the movant in the motion at bar.

that he has filed a separate action in this district pursuant to 42 U.S.C. § 1983 against the Defendants for the injuries he suffered as a result of their illegal actions.  Dolcine contends that there are common questions of fact and law between the criminal prosecution against the Defendants and his now-pending civil action.  Dolcine thus argues that the sharing of discovery will promote judicial efficiency and save Dolcine costs.  Dolcine further argues that a district judge retains the power to modify a protective order and that a non-party may seek to intervene if he or she has standing.  Dolcine also argues that the public's right to access court proceedings and documents is well established.

The Government has objected to Dolcine's request to modify the protective order, and has filed an opposition to the Motion to Intervene, ECF No. [107].  The Government argues that Dolcine has failed to cite any authority that stands for the proposition that a plaintiff in a civil suit may intervene in a criminal action, even if that plaintiff was a victim of the crimes charged in the criminal matter.

Criminal Defendant Charlie Dayoub has also filed an opposition to the Motion and contends that Dolcine is merely trying to side-step the civil discovery rules, requirements, and limitations, ECF No. [103].

Criminal Defendant Raimundo Atesiano has filed a Response to Dolcine's Motion stating that he "has no objection to the sharing of Discovery with Timonthe Dolcine's attorney in [the civil case]." ECF No. [104].  Atesiano's one-sentence response does not address the propriety of permitting Dolcine to intervene in the criminal action.

Criminal Defendant Raul Fernandez did not respond to the Motion.

III.    **LEGAL ANALYSIS**

Various courts have observed that the Federal Rules of Criminal Procedure do not provide for third-party intervention in criminal cases.  *United States v. Aref*, 533 F.3d 72,

81 (2d Cir. 2008); *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007)). Rather, as stated in *United States v. Carmichael*, 342 F. Supp. 2d 1070 (M.D. Ala. 2004),

> Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case. For example, courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights. *See, e.g., United States v. Hernandez*, 124 F. Supp. 2d 698, 701 (S.D. Fla. 2000); *United States v. Baez–Alcaino*, 718 F. Supp. 1503 (M.D. Fla. 1989); *United States v. Torres*, 602 F.Supp. 1458, 1462 (N.D. Ill. 1985). In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for the production of documents on the ground of privilege, *see, e.g., United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003); *In Re Grand Jury Investigation No. 83–30557*, 575 F.Supp. 777 (N.D. Ga. 1983), or to protect other rights implicated by a particular proceeding. *See, e.g., Gravel v. United States*, 408 U.S. 606, (1972) (noting that district court allowed Senator's motion to intervene to quash grand jury subpoenas of witnesses whose testimony implicated his privilege under the Speech or Debate Clause of the Constitution).

*Id.* at 1072. In *United States v. Couch*, No. 15-0088-CG-B, 2017 WL 3016923 (M.D. Ala. July 14, 2017), for example, a litigant in a *qui tam* action brought pursuant to the False Claims Act, ("FCA") 31 U.S.C. § 3729(a), sought to intervene in a criminal forfeiture action. Among other reasons for denying the litigant's motion to intervene, the Court noted that the civil litigant was not seeking to intervene defensively as a member of the public with an interest in open access to court records or as a private party to defend against the production of confidential or privileged documents. Instead, the civil litigant sought to intervene offensively only to pursue her FCA claims. *Id.* at *2 n.1.[2]

Trial courts in other circuits have reached similar conclusions where civil litigants have sought to advance their own civil action by intervening in a criminal action for purposes of obtaining discovery. In *United States v. Moussaoui*, 483 F. 3d 220 (4th Cir. 2007), the Fourth Circuit reversed and vacated a decision by a district court which

---

[2] The Court denied the litigant's motion based primarily upon the Court's finding that intervention did not qualify as an "alternative remedy" available under the FCA. *Id.* at 2.

allowed victims of the September 11th terrorist attacks to intervene in the criminal action in order to access non-public discovery materials related to the prosecution for use in their own civil action. In reversing the trial court's decision, the Court observed that the materials sought by the plaintiffs in that case were in the Government's possession and were capable of being obtained by the civil plaintiffs in their federal civil action through the normal course of third-party civil discovery. *Id*. at 236. The Court then concluded that the district court that presided over a criminal matter did not have the inherent power to order the Government to disclose non-public materials given to the defense in that criminal trial to third-party civil plaintiffs involved in litigation in another jurisdiction. *Id*. at 237. The Court further observed that the order permitting intervention was not necessary for the district court's "orderly and expeditious disposition" of the criminal prosecution as part of the court's inherent powers. *Id*. at 237.[3] Finally, the Court observed that for several policy reasons, including efficiency of the criminal court and fairness to criminal defendants, district courts should not be permitted, as part of their general power, to let victims intervene in the criminal process in order to obtain discovery for use in civil actions. *Id*. at 237-38.

      Similarly, in *United States of America v. Jeffrey S. Sikes*, No. 4:15-CR-3128, 2017 WL 25460, *1 (D. Neb. Jan. 3, 2017), a District Judge overruled objections to a Magistrate Judge's recommendation to deny a state civil plaintiff's motion to intervene in a federal criminal action. The defendant named in the civil action had been criminally charged in federal court for his role in a wire and mail fraud scheme. The plaintiff issued a subpoena in the state civil action to the defendant seeking production of documents produced to that defendant by the Government in his criminal action. In response, the

---

[3] Although the Court referred to cases pending in other jurisdictions, the Court also observed that even as it pertained to civil suits in New York's district courts, the criminal court's order permitting intervention was not necessary because Rule 26 of the Federal Rules of Civil Procedure provided for liberal discovery. *Id*. at 237.

defendant filed a motion for protective order in the criminal action seeking to prohibit the dissemination of the subpoenaed documents, and the plaintiff sought to intervene in the criminal action for purposes of opposing the motion for protective order. The District Judge, in overruling the objections to the Magistrate Judge's recommendation, stated, ". . . a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another." *Id*. at 2. The Court then observed that the plaintiff's request to intervene in the criminal matter was offensive in nature as the plaintiff sought to eliminate an impediment to discovery, and had other means to obtain that information through the civil case. *Id.* The Court distinguished that request from a defensive intervention request, noting that frequently a litigant can only vindicate the privacy or privilege rights implicated in a criminal proceeding by intervening in that criminal action. *Id*. *See also, United States v. Collyard*, No. 12-0058 (SRN), 2013 WL 1346202, *2 (D. Minn. April 2, 2013) (discussing the limited circumstances in which third parties are permitted to intervene in criminal proceedings and denying motion to intervene in criminal action by former counsel of defendant where former counsel argued that he had a right to practice law and intervention in criminal action would help him protect that right).

Akin to the civil litigants in *Couch, Moussaoui* and *Sikes*, in this case, Dolcine, a non-party to the criminal action, is not seeking to vindicate his privacy or privilege rights through defensive intervention. Rather, as a civil plaintiff, Dolcine is seeking to intervene for offensive reasons; to obtain information for use in his civil action. Such information, to the extent it is relevant to his civil action, is likely available to him through civil discovery procedures. Dolcine all but concedes this point in his Motion by stating that the relief he seeks would make "discovery in his case more efficient." ECF No. [92] at 2. Thus, Dolcine does not assert that he would be unable to obtain this discovery if his current motion is denied. Accordingly, Dolcine's motion to intervene should be denied

as he has failed to establish that he has a right to intervene in this criminal matter based upon his need for discovery related to a separate civil case.

Further, *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F. 3d 893 (7th Cir. 1994), the only case cited by Dolcine related to his contention that he has a right to intervene in this criminal action, involved requests by third-parties to intervene in civil actions rather than the situation at bar which involves a civil litigant attempting to intervene in a criminal matter for purposes of advancing his civil case. Thus, Dolcine's reliance on this case is misplaced.

Moreover, documents collected during discovery, like the ones sought by Dolcine, are not "judicial records." Rather, as stated by the Court in *United States v. Anderson*, 799 F. 2d 1438, 1441 (11th Cir. 1986), "Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." *Accord Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1316 (11th Cir. 2001) (same); *see also, United States v. Moussaoui*, 483 F.3d 220, 233, n.10 (4th Cir. 2007) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and stating that materials that are produced in discovery but not admitted at trial are not a traditionally public source of information.)); *United States v. Montano*, No. 13-082, 2018 WL 4961625, *1 (E.D. Penn. Oct. 12, 2018) (denying §2255 pro se movant's request to lift a protective order entered in a criminal action in which he was not a defendant so that he could access materials related to the government's cooperating witness, and determining that such materials were not part of judicial record available to public). Thus, it is clear that Dolcine has no right to access the documents at issue based upon the public's common law right to access to court proceedings and documents. Dolcine has failed to cite any legal authority that holds otherwise. As such, his request should be denied.

## IV. CONCLUSION

Therefore, based on the foregoing, it is

ORDERED AND ADJUDGED that Timothe Dolcine's Motion to Intervene and Modify Protective Order, ECF No. [92] is **DENIED.**[4]

DONE AND ORDERED in chambers at Miami, Florida, this 7th day of November, 2018.

*Andrea M. Simonton*
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore, Chief United States District Judge
All counsel of record

---

[4] To the extent that the Parties contend, and the District Judge agrees, that the undersigned Magistrate Judge should have entered a Report and Recommendation rather than an Order, the undersigned intends it to be treated as such.